

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-13-00098-CR

MICHAEL CHRISTOPHER FERRIS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law
Panola County, Texas
Trial Court No. 2012-C-0094

Before Morriss, C.J., Carter and Moseley, JJ.

# O R D E R

Michael Christopher Ferris appeals from his conviction for aggravated robbery. Ferris filed a pretrial motion seeking to suppress oral statements that he made to police. The motion was ultimately denied, but no findings of fact or conclusions of law were entered by the trial court. Article 38.22, Section 6 of the Texas Code of Criminal Procedure states, in pertinent part,

> In all cases where a question is raised as to the voluntariness of a statement of an accused, the court must make an independent finding in the absence of the jury as to whether the statement was made under voluntary conditions. If the statement has been found to have been voluntarily made and held admissible as a matter of law and fact by the court in a hearing in the absence of the jury, the court must enter an order stating its conclusion as to whether or not the statement was voluntarily made, along with the specific finding of facts upon which the conclusion was based, which order shall be filed among the papers of the cause.

TEX. CODE CRIM. PROC. ANN. art. 38.22, § 6 (West Supp. 2013).

Because the requirements of Article 38.22, Section 6 were not met in this case, we abate this appeal and remand it to the trial court. *See* TEX. R. APP. P. 44.4. The trial court is instructed to enter an order stating its conclusion as to whether Ferris' oral statements were voluntarily made and detailing the specific findings of fact on which that conclusion was based. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22, § 6. The order shall be filed with this Court in the form of a supplemental clerk's record within twenty-one days of the date of this order. The abatement will terminate and this Court's jurisdiction will resume on the filing of the supplemental clerk's record, and the appeal will be resubmitted to the Court on that date. We also direct the trial court clerk to include the motions filed by defense counsel in this case in the supplemental record.

2

All appellate timetables are hereby stayed and will resume on our receipt of the supplemental clerk's record.

IT IS SO ORDERED.

BY THE COURT

Date:  January 9, 2014